Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
STIPULATIONS
1. On 19 January 1996, the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 19 January 1996, an employment relationship existed between plaintiff and defendant.
3. Defendant was self-insured with Crawford and Company as its adjusting agent.
4. Plaintiff has a disc herniation at L5-S1 and denervation changes with complaints of pain and numbness.
5. Plaintiff's average weekly wage was $626.22 yielding a compensation rate of $417.50.
6. A set of plaintiff's medical records, marked as stipulated Exhibit Number Two, is admitted into evidence.
* * * * * * * * * * *
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was fifty-two years old. He had a twelfth grade education. He had worked as a millwright and as a welder. He had also worked for a small engine repair business and an automobile sales business.
2. While employed by defendant-employer, plaintiff performed heavy maintenance work including welding, pipe fitting and installation of valves, pumps and pump heads. The title of his position was millwright.
3. On Friday, 19 January 1996, plaintiff was working alone. One of his assigned tasks was to remove a three inch pipe. Plaintiff undertook to loosen the pipe by using a thirty-six inch pipe wrench. After his initial attempt to free the pipe failed, he used a torch to heat the pipe fitting. He then "yanked" on the pipe wrench to loosen the pipe. When he "yanked" on the pipe, he fell and experienced pain across his low back and in his right leg. Plaintiff reported this incident to his supervisor, Mr. Patrick, the same day.
4. Plaintiff completed his regular work shift 19 January 1996. Plaintiff was not scheduled to work the next two days. During this weekend, plaintiff became ill with flu-like symptoms. As a result of this illness, plaintiff remained in bed and did not work until Wednesday, 24 January 1996. When plaintiff returned to work, he worked with his son who was also employed by defendant. Plaintiff worked for defendant during the next six scheduled work days. During this time, plaintiff's son helped plaintiff to perform his assigned tasks so that plaintiff could recover from the incident on 19 January 1996.
5. On 1 February 1996, plaintiff did not report to work. He telephoned a supervisor and informed him that he was going to a doctor's appointment. Plaintiff then presented to Dr. Johnson. On 1 February 1996, plaintiff complained of low back pain with radiation into his right leg. Plaintiff provided Dr. Johnson with a history which included a recent back injury at work and a flu-like illness which prevented him from working. This history, as recorded by Dr. Johnson, was inaccurate as to the dates of the events described. Dr. Johnson prescribed medications and four days of bed rest.
6. Plaintiff returned to Dr. Johnson on 5 February 1996. On that date, plaintiff continued to have back pain. His leg numbness had increased. Dr. Johnson excused plaintiff from work and recommended that he receive an MRI scan. On 9 February 1996, plaintiff presented to Dr. Melin. Dr. Melin prescribed conservative treatment, including physical therapy. When plaintiff returned to Dr. Melin on 6 March 1996, he had participated in physical therapy and his condition had improved. On 8 April 1996, plaintiff had significant symptomatology. Dr. Melin prescribed a trial of epidural steroids. This treatment improved plaintiff's condition minimally, if any. Thereafter, Dr. Melin ordered a repeat MRI. On 26 June 1996, plaintiff's symptoms were essentially unchanged. However, he was not a candidate for surgical intervention.
7. On 8 July 1996, plaintiff presented to Dr. Coin who ordered EMG and NCV studies. Dr. Coin recommended conservative treatment and prescribed a new medication. This new medication failed to provide any significant relief. On 13 August 1996, Dr. Coin released plaintiff to perform light yard work or light indoor work, with no heavy lifting or extreme bending. Dr. Coin restricted plaintiff from lifting greater than fifteen pounds.
8. Defendant informed plaintiff that light duty work was not available and therefore, he could not return to work until he was "one hundred percent".
9. Plaintiff's herniated disc, which did not impinge on the nerve root, was caused by the incident on 19 January 1996. Plaintiff has not reached maximum medical improvement.
10. As a result of the incident on 19 January 1996, plaintiff was incapable of earning wages from defendant, or any other employer, from 1 February 1996 through 4 December 1996 the date on which this matter was heard before the Deputy Commissioner.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
CONCLUSIONS OF LAW
1. On 19 January 1996, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to payment of temporary total disability compensation at the rate of $417.50 per week from 1 February 1996 and continuing until order of the Industrial Commission allowing defendant to cease payment of temporary total disability compensation. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment of all medical expenses incurred as a result of his injury on 19 January 1996. N.C. Gen. Stat. § 97-25.1.
4. Plaintiff is entitled to an award of an attorney's fee assessed against defendant in the amount of $1,000.00 pursuant to N.C. Gen. Stat. § 97-88.
* * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at the rate of $417.50 per week from 1 February 1996 and continuing until order of the Industrial Commission allowing defendant to cease payment of temporary total disability compensation. To the extent that this amount has accrued, it shall be paid in a lump sum, subject to the attorney's fee approved in paragraph 3.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of his injury on 19 January 1996.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff is approved for plaintiff's attorney and shall be paid as follows: twenty-five percent of the lump sum due plaintiff in paragraph 1 shall be deducted from that amount and paid directly to plaintiff's attorney. Thereafter, plaintiff's attorney shall receive every fourth compensation check due plaintiff.
4. Defendant shall pay the costs.
5. Defendant shall pay to plaintiff's attorney $1,000.00 in fees as part of costs.
 S/ __________________ EDWARD GARNER, JR DEPUTY COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, Jr. CHAIRMAN
S/ ________________ LAURA K. MAVRETIC COMMISSIONER
EG:jth